UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EDDIE BILLINGS, Jr., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:14-cv-0653-TWP-MJD ) |
| U.S. ARMED FORCES PATRICK BASE, et al., | ) ) ) |
| Defendants. | ) ) |

**Entry Granting *In Forma Pauperis* Status
and Directing Plaintiff to Show Cause**

**I.**

The plaintiff's motion to proceed *in forma pauperis* [dkt. no. 2] is **granted**.

The plaintiff's motion for the appointment of counsel [dkt. no. 3] is **denied as premature.**

**II.**

**A.**

A district court possesses only the jurisdiction conferred to it by Congress. *See South Carolina v. Katzenbach*, 383 U.S. 301 (1966).

> Congress has conferred subject matter jurisdiction on the district courts only in cases that raise a federal question and cases in which there is diversity of citizenship among the parties. See 28 U.S.C. '' 1331-32.

*Smart v. Local 702 Intern. Broth. of Elec. Workers,* 562 F.3d 798, 802 (7th Cir. 2009).

Additionally, "[a] complaint must always . . . allege enough facts to state a claim to relief that is plausible on its face." *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d

797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

**B.**

The plaintiff sues the US Armed Forces Patrick Base, US Armed Forces Patrick Base attorneys, and US Armed Forces Patrick Base judges and prosecutors. He alleges that "[i]n and while I was conducting work of a period of 6 months on the Base, I was restricted only to be their [sic] from 7 am to 6 pm (approx. times)." He further alleges that he "was given no bonus pay for the contract I did nor also receive family pay wife pay nor was I given child pay." He asserts that "[t]his means that they do danger's [sic] things on this Base which could have caused me to be captured by a Military Company of which they could have found my files and went forth to kidnap my children and wife." He also alleges that "[t]his means that the Korean Armed Forces could have sent aircraft bombers and other such criteria things and took the survivors to the conservation camp and placed me as a survivor if I survived as a prisoner of war." He does not allege that any of these potential harms actually occurred. The relief he seeks is "[t]he acquired packet of legislative placed for those treterious [sic] things that could have happened to my family and myself do [sic] to flash back reason's flash backs immensed [sic] in 2001."

The plaintiff does not allege when he worked on the Base, but it is possible that his claims are barred by the statute of limitations. Of equal importance is that the plaintiff describes events that *could have happened,* not that actually did happen. The complaint fails to allege the violation of any federal statute or of the United States Constitution. Therefore, it appears that the Court lacks subject matter jurisdiction over this action.

**C.**

Accordingly, the plaintiff shall have **through May 28, 2014,** in which to **show cause** why this action should not be dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Date: 05/05/2024

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Eddie Billings, Jr.
520 E. Market Street
Indianapolis, IN 46204